STATE OF NORTH CAROLINA v. JACKIE MARION RANSOM

No. 7812SC1165

(Filed 5 June 1979)

1. **Assault and Battery § 14.5— assault with knife with intent to kill—sufficiency of evidence of intent to kill**

    In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, evidence was sufficient to permit the jury reasonably to infer an intent to kill where it tended to show that defendant instigated an affray; the victim tried to withdraw; and defendant then cut a five inch long slash across the victim's face.

2. **Assault and Battery § 15.6— self-defense—jury instruction proper**

    The trial court's instruction properly charged the jury with respect to the law of self-defense under circumstances where they might find that the defendant had no intent to kill or did not use a deadly weapon, and the instruction would not be misinterpreted by the jury to mean that defendant had the right to self-defense only if no deadly weapon was used or if he had no intent to kill.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 8 September 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 28 March 1979.

Defendant was indicted on two counts of felonious assault with intent to kill inflicting serious injury, a violation of G.S. 14-32(a). The first count arose out of the alleged felonious assault upon Timothy Beasley, and the second count charged defendant with the felonious assault upon Richard W. Bales. Defendant was arraigned and pled not guilty to both charges. The defendant's trial resulted in a verdict of guilty as charged with respect to the first count, and guilty of the lesser included misdemeanor offense of assault with a deadly weapon in violation of G.S. 14-33(b)(1) on the second count. From entry of judgment committing defendant to 12 years imprisonment on the first count and two years imprisonment on the second count, defendant appeals.

*Attorney General Edmisten, by Associate Attorney R. W. Newsom III, for the State.*

*Assistant Public Defender, Twelfth Judicial District, James R. Parish, for defendant appellant.*

MORRIS, Chief Judge.

[1]  The defendant brings forward on appeal two assignments of error. The remaining assignments of error have been voluntarily abandoned. Defendant first contends that, because of the absence of evidence of intent to kill, the trial court erred in not dismissing, upon defendant's motion, the charges in the first count relating to the more serious offense of assault with a deadly weapon with intent to kill inflicting serious injury.

An intent to kill, being a state of mind of the defendant not easily susceptible of proof, ordinarily must be proved by circumstantial evidence from which a jury may reasonably infer intent. *State v. Ferguson*, 261 N.C. 558, 135 S.E. 2d 626 (1964). The nature of the assault, the manner in which it was made, and the surrounding circumstances are all matters from which an intent to kill may be inferred. *State v. Marshall*, 5 N.C. App. 476, 168 S.E. 2d 487 (1969). The mere proof of an assault with a deadly weapon inflicting serious injury does not by itself establish an intent to kill. *State v. Thacker*, 281 N.C. 447, 189 S.E. 2d 145 (1972). Therefore, our inquiry concerns whether there were sufficient circumstances attendant with the assault which would permit a jury reasonably to infer an intent to kill.

As we noted above, the State is entitled to rely on reasonable inferences from the circumstances surrounding the assault in order to prove an intent to kill. The evidence is brief, but shows an escalating confrontation between defendant and Beasley instigated, according to the State's evidence, by the defendant. The defendant knocked Beasley to the floor with his fists, pulled out a pocketknife, and started toward Beasley. At this moment Bales interfered and tried to stop defendant, but was himself stabbed in the stomach. In the meantime, Beasley stood up and, apparently upon seeing defendant's knife, attempted to withdraw from the affray. The record indicates that Beasley raised his hands and said something like, "I quit," "Cool it," or "I'm cool" in an attempt to calm the defendant and let him know that he, Beasley, had had enough. When he did so, defendant caught him with his guard down and cut a five-inch long slash across his face as defendant was leaving the restaurant.

Beasley attempted to withdraw from the affray, yet defendant persisted in pursuing the conflict. The nature of the cut in-

dicates that the injury could have been much more severe, if not fatal, had defendant cut Beasley's neck instead of his cheek. We cannot say as a matter of law that the foregoing evidence, taken in the light most favorable to the State, fails as a matter of law to support a reasonable inference of defendant's intent to kill Timothy Beasley.

[2]   The remaining assignment of error refers to a portion of the court's charge directed to the defendant's right of self-defense. That portion of the charge appears in the record as follows:

> "If you find from the evidence and beyond a reasonable doubt that the defendant assaulted Timothy Beasley and or assaulted Richard W. Bales but do not find that he, the defendant, used a deadly weapon or had an intent to kill, that assault would be excused as being in self-defense if the circumstances at the time that he acted were such as would create in the mind of a person of ordinary firmness a reasonable belief that such action was necessary to protect himself from bodily injury or offensive physical contact and the circumstances did create such belief in the defendant's mind, even though, he was not thereby put in actual danger of death or great bodily harm. However, the force used cannot have been excessive."[1]

Defendant contends that the charge is confusing and suggests that it could be misinterpreted by the jury to mean that defendant had the right to self-defense only if no deadly weapon was used or if he had no intent to kill. The quoted paragraph of the charge, read out of context, might be susceptible of such a misconstruction. However, in our opinion, it would be clear to a jury which had heard the previous instructions which submitted charges on the lesser included offenses of simple assault, G.S. 14-33, and assault with a deadly weapon inflicting serious injury, G.S. 14-32(c), that this portion of the charge on self-defense instructed them with respect to the law of self-defense under circumstances where they might find that the defendant had no intent to kill or did not use a deadly weapon.

---

1. North Carolina Pattern Jury Instructions — Criminal 308.45.

We find that the instruction accurately states the law with respect to the right of self-defense and, when read in context with the charge as a whole, could not have mislead the jury.

No error.

Judges CLARK and ARNOLD concur.