State v. Morris

STATE OF NORTH CAROLINA v. CLINTON MORRIS

No. 8220SC1333

(Filed 18 October 1983)

Assault and Battery § 14.5— assault with a deadly weapon with intent to kill—sufficiency of evidence

In a prosecution for assault with a deadly weapon with intent to kill, the trial court properly submitted the case to the jury where the State's evidence tended to show that defendant slit the prosecuting witness's neck, face and stomach with a knife and at one point warned the witness that when he fell the next time, he would be dead, and where the witness was rushed to the hospital and received over forty stitches in his neck, stomach and face.

APPEAL by defendant from *Beaty, Judge.* Judgment entered 17 August 1982 in Superior Court, UNION County. Heard in the Court of Appeals 19 September 1983.

Defendant was charged with assault with a deadly weapon with intent to kill. The State's evidence tended to show: At around 9:00 p.m. on 31 May 1982, defendant, who had been hiding behind a telephone pole, jumped State's witness, Mr. Cecil Earp, and cut his neck with a knife. As Earp fell to the ground, defendant warned him that when Earp fell the next time, he would be dead. Earp stood and defendant then cut his face with the knife. Earp again fell and defendant jumped to the ground near Earp and cut his stomach.

Earp was taken to the hospital by ambulance, where he received twenty-six stitches in his stomach, four stitches on his face and stitches on his neck.

Earp had not provoked defendant; he had neither struck defendant nor said anything to him prior to being attacked.

The defendant's evidence tended to show: At around 9:00 p.m. on 31 May 1982, State's witness, Ms. Annie Knight, was walking down the road with Cecil Earp when she spotted defendant standing on a corner waiting for a ride. Upon seeing defendant, Ms. Knight pointed to him and said, "There he is. Get him." Earp walked over to defendant, knocked him down and held him to the ground. Earp was on top of defendant, choking him when defendant pulled out his knife and warned him that if he didn't get off, defendant would force him off. When Earp would not let defendant up, defendant cut him on the neck. Earp drew back, allowing defendant to stand, but as defendant rose, Earp hit him. Defendant then slit Earp's stomach.

Defendant walked to the home of Reverend and Mrs. Helms down the street and told Mrs. Helms that Earp had jumped him and that defendant had cut and perhaps killed him. Defendant asked them to call the police.

*Attorney General Edmisten, by Guy A. Hamlin, Assistant Attorney General, for the State.*

*Joseph P. McCollum, Jr., for defendant appellant.*

VAUGHN, Chief Judge.

In his first Assignment of Error, defendant contends that the trial judge erred in denying defendant's motion for judgment of nonsuit at the close of the State's evidence. Defendant argues that there was insufficient evidence of intent to kill to merit submission to the jury on the charge of assault with a deadly weapon with intent to kill. For the reasons set forth below, we find that the judge was correct in denying defendant's motion and submitting the case to the jury.

When ruling on a motion for judgment of nonsuit, the evidence must be considered in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Agnew,* 294 N.C. 382, 241 S.E. 2d 684, *cert. denied,* 439 U.S. 830, 99 S.Ct. 107, 58 L.Ed. 2d 124 (1978). Any evidence at all, even a mere scintilla, that tends to prove defendant's guilt or which leads to that conclusion as a logical or

legitimate deduction is for the jury to resolve. Once the State produces evidence of the fact in issue, the jury must decide whether it is convinced beyond a reasonable doubt of defendant's guilt. *See id.; State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977).

The State, in this case, produced substantial evidence warranting submission to the jury on the question of defendant's guilt. The State's evidence tended to show that defendant slit witness Earp's neck, face and stomach with a knife and at one point warned Earp that when he fell the next time, he would be dead. Earp was rushed to the hospital, where he received over forty stitches on his neck, stomach and face.

Intent to kill, being a state of mind of the defendant, is not easily susceptible of proof, and ordinarily must be proven by circumstantial evidence from which a jury could reasonably infer intent. *State v. Ransom*, 41 N.C. App. 583, 255 S.E. 2d 237 (1979). The nature of the assault, the manner in which it was made, and the surrounding circumstances are all matters from which an intent to kill could be inferred. *Id.* The inference is to be drawn by the jury, not the Court. *See State v. Thacker*, 281 N.C. 447, 189 S.E. 2d 145 (1972). The circumstances and manner of the assault in this case, viewed in the light most favorable to the State, was sufficient to withstand defendant's motion for nonsuit. The evidence merited consideration by the jury.

In response to defendant's second contention that the trial court committed prejudicial error in instructing the jury on assault with intent to kill inflicting serious injury, we find that for the reasons set out above, there was sufficient evidence meriting such instruction.

No error.

Judges WHICHARD and PHILLIPS concur.