STATE OF NORTH CAROLINA v. LONNIE MARSHALL, JR.

No. 6915SC361

(Filed 23 July 1969)

1. **Assault and Battery § 14— felonious assault — intent to kill — serious injury — sufficiency of evidence**

In this prosecution for felonious assault, the evidence is sufficient to show "intent to kill" and "serious injury" for submission of the case to the jury where it tends to show that defendant grabbed the prosecuting witness from behind and shot him in the neck with a pistol, and that the prosecuting witness lost consciousness and spent some five hours in the hospital during which an operation was performed on his neck to remove the bullet. G.S. 14-32.

2. **Assault and Battery § 5— felonious assault — serious injury**

In a prosecution for felonious assault, whether serious injury has been inflicted must be determined according to the particular facts of each case and is a question the jury must answer under proper instruction.

3. **Assault and Battery § 5— felonious assault — intent to kill**

In a prosecution for felonious assault, the intent to kill may be inferred or presumed from the act itself.

4. **Assault and Battery § 15— felonious assault — serious injury — instructions**

In this prosecution for felonious assault, the trial court did not err in instructing the jury that inflicting serious injury "means physical or bodily injury and this I feel needs no further definition," a fair construction of the charge, when taken as a whole, being that the injury must consist of physical or bodily injury and that the injury must be serious, leaving the question of whether the particular injury was serious for the jury to determine.

APPEAL by defendant from *Clark, J.,* 24 February 1969 Session, ORANGE Superior Court.

Defendant was tried upon two separate bills of indictment which were consolidated for purposes of trial. In Case No. 69-CRS-44 defendant was charged with committing a felonious assault on one Richard Weaver. In case No. 69-CRS-46 defendant was charged with felonious assault on George Caldwell. Defendant entered a plea of not guilty in each case.

The evidence for the State tended to show that Richard Weaver and some of his friends went to the home of Paul Sanford in Chapel Hill about six or seven p.m. on 21 November 1968 to visit Sanford's wife, who had just returned from the hospital; that after they had been at Sanford's home for an hour or so playing cards, the defendant came in; that defendant walked into the kitchen and started

talking with Richard Weaver about the Black Muslims and that Weaver told defendant that he was not interested in that subject; that defendant then said something about coming on outside; that Weaver went out first and just as he stepped out onto the sidewalk the defendant grabbed him and shot him in the neck with a .22 caliber pistol; that Weaver fell or lay down with the assistance of defendant and said something about being shot; that then the defendant said "I ought to shoot you again" or "I ought to kill you" or words to that effect; that George Caldwell followed the defendant and Weaver out and saw defendant grab Weaver from behind and then shoot him and say that he was going to kill him; that then the defendant turned and shot Caldwell in the foot and Caldwell backed up; that Henry Laney came up to try to help Weaver up and take him to the hospital and defendant slapped him with the pistol and then shot him also.

The State's evidence further tended to show that defendant and others present at the scene had been drinking prior to the shooting; that Weaver passed out after being shot in the neck, and that he regained consciousness in North Carolina Memorial Hospital; that he stayed there for some five hours during which time he had an operation on his neck to remove the bullet.

Upon motion to nonsuit the felony charges made by defendant, the Court allowed a nonsuit as to the felony aspect of the assault on Caldwell. Defendant did not offer any evidence in his own behalf. From verdicts of guilty as to the felonious assault on Weaver and guilty as to a misdemeanor assault on Caldwell, and a sentence of six to ten years in the felony conviction with prayer for judgment continued for five years in the misdemeanor conviction, defendant appealed to this Court.

*Robert Morgan, Attorney General, by Harry W. McGalliard, Deputy Attorney General, for the State.*

*James R. Farlow for defendant appellant.*

BROCK, J.

[1-3]     Defendant first argues that the trial court erred in denying defendant's motion to nonsuit the felony charge in Case No. 69-CRS-44 (Weaver indictment) and in submitting the felony charge to the jury on the evidence before it. Defendant contends that the evidence clearly shows *lack of a serious injury* and *lack of intent to kill*, both of which are essential elements of the crime of felonious assault. G.S. 14-32. He says that the testimony of Richard Weaver

shows a situation of "no animosity" and that the shot fired did not inflict serious injury because "a wound in the neck dressed and released within a few hours, with no compounding complications is nothing more than a flesh wound." We cannot agree with these contentions. Taken in the light most favorable to the State, we think there is plenary evidence of an assault with a deadly weapon *with intent to kill, inflicting serious injury* not resulting in death. A pistol wound in the neck, close to the spinal cord, resulting in unconsciousness, with the bullet lodging in the neck is sufficient evidence of serious injury, within the meaning of the statute, to submit the question of serious injury to the jury. Whether serious injury has been inflicted must be determined according to the particular facts of each case and is a question the jury must answer under proper instruction. *State v. Jones*, 258 N.C. 89, 128 S.E. 2d 1. As to the sufficiency of evidence of intent to kill, the intent to kill may be inferred or presumed from the act itself. 1 Strong, N.C. Index 2d, Assault and Battery, § 5, p. 298. Here we think the requisite intent can be inferred from the nature of the assault on Weaver, the manner in which it was made and the conduct of the parties under the circumstances. *State v. Cauley*, 244 N.C. 701, 94 S.E. 2d 915. This assignment of error is overruled.

[4]     Defendant next argues that the Court erred in its instruction to the jury on the meaning of "serious injury" by stating as follows: "Fourth, inflicting serious injury. As to this, members of the jury, this means physical or bodily injury and this I feel needs no further definition." Defendant complains that the jury could understand the Court's statement to mean that any physical or bodily injury was serious injury. We find no prejudicial error in the above instruction. A fair and reasonable construction of the judge's charge, when taken as a whole, is that the injury must consist of physical or bodily injury in the first place and, in the second place, the injury must be serious, leaving the question of whether the particular injury was serious for the jury to determine. It is evident that the Court was mindful of our Supreme Court's definition of serious injury in *State v. Jones*, in which the Court said: "The term 'inflicts serious injury' means physical or bodily injury resulting from an assault with a deadly weapon with intent to kill. The injury must be serious but it must fall short of causing death. *Further definition seems neither wise nor desirable.* Whether such serious injury has been inflicted must be determined according to the particular facts of each case." (Emphasis added.) *State v. Jones, supra*, p. 91. This assignment of error is overruled.

We have carefully considered the remainder of defendant's as-

signments of error which are to the charge of the court and to the denial of various defense motions and we find no prejudicial error.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.