STATE OF NORTH CAROLINA v. MAXIE THOMAS COKER, JR.

No. 486PA84

(Filed 4 December 1984)

1. **Automobiles and Other Vehicles § 125— driving while impaired—sufficiency of citation**

    A citation which charged that defendant did "unlawfully and willfully operate a motor vehicle on a street or highway while subject to an impairing substance. G.S. 20-138.1" met the statutory requirements of G.S. 20-138.1(c).

2. **Indictment and Warrant § 7.1— form of citation—legislative power**

    The legislature has the power, within constitutional parameters, to prescribe the manner in which a criminal charge can be stated in a pleading.

3. **Automobiles and Other Vehicles § 125— driving while impaired—citation not ambiguous**

    A citation charging the operation of a motor vehicle "while subject to an impairing substance" satisfied statutory and constitutional standards of certainty because "subject to an impairing substance" is so clear and distinct that a person of common understanding would know what was intended. G.S. 15-153; G.S. 20-4.01(14a).

4. **Automobiles and Other Vehicles § 125— driving while impaired—citation— driving synonymous with operating**

    A citation charging defendant with *operating* rather than *driving* a motor vehicle need not be quashed because the legislature intended "driver" and "operator" to be synonymous, and because the use of "operate" is not so great a refinement on the statutory short form pleading as to render the charge unintelligible. G.S. 20-138.1; G.S. 20-4.01(7), (25).

5. **Automobiles and Other Vehicles § 125— driving while impaired—citation sufficiently specific**

    A citation which charged driving while subject to an impairing substance was sufficient without specifying the evidence the State would present regarding the impairing substance or stating whether the State intended to proceed under a theory of driving while under the influence or driving with a blood alcohol content of .10 where the General Assembly clearly intended to combine the formerly separate offenses, the State is not required to plead evidentiary matters, and the citation was sufficient to inform the defendant of the charge so that he could prepare a defense, to inform the court of the judgment to pronounce in the event of conviction, and to protect defendant from subsequent prosecution for the same offense. G.S. 20-138.1(c); G.S. 20-4.01(14a); G.S. 15-144.

ON certiorari pursuant to Rule 21(a)(1) of the North Carolina Rules of Appellate Procedure (1983) of an order entered 29 March 1984 by *Judge Brewer*, Superior Court, WAKE County, reversing

a judgment entered by *Judge Greene*, District Court, WAKE County.

On 12 November 1983 defendant was arrested and charged in a uniform citation alleging that he did "unlawfully and wilfully operate a motor vehicle on a street or highway while subject to an impairing substance. G.S. 20-138.1." Prior to trial defendant moved in writing to dismiss the charge.

Upon call of the case for trial in Wake County District Court on 12 November 1984 Judge Greene, the presiding judge, gave the assistant district attorney representing the State an opportunity to file a statement of charges or to amend the citation. The assistant district attorney informed the court that she would not move to amend the citation nor would she proceed with a statement of charges. Judge Greene thereafter dismissed the charges against defendant after finding that the citation did not satisfy constitutional and statutory requirements of a criminal pleading. The State appealed to Wake County Superior Court and on 6 April 1984, Judge Brewer entered an order reversing the decision of Judge Greene and remanded the case to Wake County District Court for trial on the merits.

Defendant filed a notice of appeal in the North Carolina Court of Appeals. Defendant had no right to appeal in the present posture of this case. N.C. Gen. Stat. 15A-1444(a1) (1983). However, we elect to treat his purported appeal as a petition for certiorari and allow the petition.

*Rufus L. Edmisten, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, David Roy Blackwell, Assistant Attorney General, and W. Dale Talbert, Assistant Attorney General, for the State.*

*Merriman, Nicholls, Crampton, Dombalis & Aldridge, P.A., by Nicholas J. Dombalis, II for defendant-appellant.*

BRANCH, Chief Justice.

[1] Defendant's sole assignment of error is that Judge Brewer erred by reversing the district court's dismissal of the charge against him. He argues that the citation upon which he was charged failed to satisfy statutory and constitutional requirements because it did not adequately inform him of the

charge against him. Defendant complains that the citation (1) is vague and ambiguous; (2) fails to specify an impairing substance; and (3) fails to specify under which theory of driving while impaired defendant is charged.

North Carolina General Statute § 20-138.1 provides:

(a) Offense.—A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.10 or more.

(b) Defense Precluded.—The fact that a person charged with violating this section is or has been legally entitled to use alcohol or a drug is not a defense to a charge under this section.

(c) Pleading.—In any prosecution for impaired driving, the pleading is sufficient if it states the time and place of the alleged offense in the usual form and charges that the defendant drove a vehicle on a highway or public vehicular area while subject to an impairing substance.

We are of the opinion that the citation meets the statutory requirements of N.C.G.S. 20-138.1(c). However, defendant contends that the language of the statute is ambiguous in that the phrase "subject to an impairing substance" does not have precise legal import. We find defendant's citation, modeled after N.C.G.S. § 20-138.1(c), complies with statutory and constitutional requirements.

[2, 3] The legislature has, within constitutionally mandated parameters, the power to prescribe the manner in which a criminal charge can be stated in a pleading to relieve the State of the common law requirement that every element of the offense be charged. *State v. Lowe*, 295 N.C. 596, 247 S.E. 2d 878 (1978). An indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense. The indictment

must also enable the court to know what judgment to pronounce in the event of conviction. *State v. Squire,* 292 N.C. 494, 234 S.E. 2d 563, *cert. denied,* 434 U.S. 998 (1977); *State v. Russell,* 282 N.C. 240, 192 S.E. 2d 294 (1972).

An indictment is sufficient in form for all intents and purposes if it expresses the charge in a plain, intelligible and explicit manner. N.C. Gen. Stat. 15-153 (1983). It will not be quashed "by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment." *Id.* It is generally held that the language in a statutorily prescribed form of criminal pleading is sufficient if the act or omission is clearly set forth so that a person of common understanding may know what is intended. 41 Am. Jur. 2d, *Indictments and Informations* § 68 (1968).

In determining the sufficiency of indictments, courts must look to long-established and well-known rules of law. *Id.* at § 70. Words having technical meanings must be construed according to such meanings. *Id.* Where words in a statute have not acquired a technical meaning, they must be construed in accordance with their common and ordinary meaning. *Lafayette Transportation Service, Inc. v. County of Robeson,* 283 N.C. 494, 196 S.E. 2d 770 (1973).

The words "subject to" appear in the challenged citation and in the form prescribed by statute. Although not defined in Chapter 20 of the General Statutes, "subject to" is defined in Black's Law Dictionary as "liable, subordinate, subservient, . . . obedient to; *governed or affected by.*" *Black's Law Dictionary* 1594 (rev. 4th ed. 1968) (emphasis added). The word "subject" is defined as "likely to be conditioned, affected, or modified in some indicated way." Webster's Third New International Dictionary (Unabridged 1976).

"Impairing substance" is defined by statute as "[a]lcohol, controlled substance under Chapter 90 of the General Statutes, any other drug or psychoanalytic substance capable of impairing a person's physical or mental faculties or any combination of these substances." N.C. Gen. Stat. 20-4.01(14a) (1983).

We are satisfied that the meaning of driving while "subject to an impairing substance" is so clear and distinct that a person

of common understanding would know what is intended. *See* 41 Am. Jur. 2d *Indictments and Informations* § 68 (1968). We therefore reject defendant's argument to the contrary.

[4]  Although defendant has not raised this argument, the State points out that the only difference between the approved short form pleading set forth in the statute and defendant's citation is that defendant was charged with *operating* a motor vehicle. Subsection c of N.C.G.S. 20-138.1 provides that the pleading is sufficient if it charges that defendant *drove* a vehicle.

Although Chapter 20 of the General Statutes contains no definition of "drive" or "operate," "driver" and "operator" are defined. In N.C.G.S. 20-4.01(7), "driver" is defined as "the operator of a vehicle." "Operator" is defined as "a person in actual physical control of a vehicle which is in motion or which has the engine running." N.C. Gen. Stat. 20-4.01(25).

We recognize that distinctions may have been made between driving and operating in prior case law and prior statutes regulating motor vehicles. *See e.g. State v. Carter,* 15 N.C. App. 391, 190 S.E. 2d 241 (1972) (interpreting "driving" under a former statute to require motion); Act of March 5, 1935, Chapter 52, § 1, 19 Public Laws 34, (formerly codified at N.C. Gen. Stat. 20-6 (1935) ) (repealed 1973) (defining "operator" as a person who is in the driver's seat while the engine is running or who steers while the vehicle is being towed or pushed by another vehicle).

We do not believe, however, that such a distinction is supportable under N.C.G.S. 20-138.1. Since "driver" is defined simply as an "operator" of a vehicle, we are satisfied that the legislature intended the two words to be synonymous. In any event "operate" as used in defendant's citation is not so great a refinement on the statutory short-form pleading as to render the charge unintelligible or to prevent the court from proceeding to judgment. The use, therefore, of the word "operate" rather than "drive" will not require that the indictment be quashed. *See* N.C. Gen. Stat. § 15-153.

[5]  Defendant next contends that the citation, based on the approved criminal pleading set forth in N.C.G.S. 20-138.1(c), is constitutionally infirm because it lacks the specificity necessary to enable him to prepare his defense and to bar subsequent prosecu-

tion for the same offense. He argues specifically that he should be informed in the charge of "what evidence the State will present regarding the impairing substance or substances which caused the condition of the defendant resulting in his arrest." In a similar argument he contends the State should make explicit in the citation whether it intends to proceed on a theory of driving while under the influence as set forth in subsection (a)(1) or driving with a blood alcohol content of .10 as described in subsection (a)(2) of the statute. We find no merit in these contentions.

Although it is true that the purpose of an indictment or criminal summons is to inform a party so that he may learn with reasonable certainty the nature of the crime of which he is accused, this Court has long held that the State is required only to allege ultimate facts. Evidentiary matters need not be alleged. *State v. Palmer*, 293 N.C. 633, 239 S.E. 2d 406 (1977). A defendant who feels that he may be taken by surprise may ask for a bill of particulars to obtain information in addition to that contained in the indictment. *State v. O'Keefe*, 263 N.C. 53, 138 S.E. 2d 767 (1964) *cert. denied*, 380 U.S. 985 (1965). As Chief Justice Merrimon stated in *State v. Moore*, 104 N.C. 743, 10 S.E. 183 (1889):

> The mere form of the indictment—any particular form—is not thus made essential. The purpose is to require that the party charged with crime by indictment shall be so charged by a grand jury as that he can learn with reasonable certainty the nature of the crime of which he is accused and make defense. As we have said, it is not necessary in doing so to charge the particular incidents of it—the particular means employed in perpetrating and the particular manner of it—and thus compel the State to prove that it was done with such particular means and in such way, and in no other. Such particularity might defeat or delay justice in many cases, as, indeed, it has sometimes done.

*Id.* at 750, 10 S.E. at 185-86.

To determine whether the citation sufficiently enables defendant to prepare his defense against the charge of driving while impaired, we look first to the nature of the offense itself.

In 1983 the General Assembly, based on recommendations by the Governor's Task Force, passed the Safe Roads Act which sub-

stantially modified existing statutes relating to driving while under the influence of alcohol or drugs. Act of June 3, 1983, Ch. 435, 1983 Advance Legislative Service 52. After examining the Act and its predecessor statute, we believe it is clear that the legislature intended to combine prior offenses relating to driving while under the influence of drugs or alcohol into one consolidated offense.

Under the former statutory scheme, drug-related driving offenses and alcohol-related driving offenses were contained in separate statutes. *Compare* Act of March 31, 1939, Ch. 292, § 1, 1939 Session Laws 577, (formerly codified at N.C. Gen. Stat. 20-139 (repealed 1983)) (Driving while under the influence of a drug and operation of a vehicle by a habitual user of narcotic drugs); Act of March 23, 1937, Ch. 407, § 101, 1937 Session Laws 833, (codified at N.C. Gen. Stat. 20-138 (repealed 1983)) (Driving while under the influence of alcohol); Act of March 23, 1937, Ch. 407, § 102, 1937 Session Laws 833, (codified as amended at N.C. Gen. Stat. 20-140(c)) (repealed 1983) (Reckless driving after drinking).

Under the Safe Roads Act, the General Assembly provided that a person commits the offense of driving while impaired if he drives "while under the influence of an impairing substance" or if at any relevant time after driving, he has an alcohol concentration of .10 or more. N.C. Gen. Stat. 20-138.1. As noted previously, "impairing substance" is defined as "[a]lcohol, controlled substance under Chapter 90 of the General Statutes, *any other drug or psychoactive substance* capable of impairing a person's physical or mental faculties, or any combination of these substances." N.C. Gen. Stat. 20-4.01(14a). (Emphasis added.)

It is clear that under the Safe Roads Act, impairment by any substance enumerated in N.C.G.S. 20-4.01(14a) is sufficient to fall within the parameters of the statutory prohibition of N.C.G.S. 20-138.1. Proof that defendant was impaired by one particular substance or another is a matter of evidence. Since evidentiary matters need not be alleged in a criminal pleading, we reject defendant's argument that the State is required to specify which substance impaired defendant.

Knowledge of what evidence the State intends to offer to prove that defendant was under the influence of an impairing substance would no doubt make easier defendant's task of prepar-

ing his defense. Nonetheless, the State is not constitutionally required to allege that evidence in defendant's criminal summons. *See e.g. State v. Morgan*, 268 N.C. 214, 150 S.E. 2d 377 (1966) (State need not allege what "implements of housebreaking" were used in indicting defendant under N.C.G.S. 14-55).

In the same vein, the State's decision whether to prosecute defendant with evidence that he drove while under the influence of an impairing substance under subsection (a)(1) or evidence that his blood alcohol concentration was .10 under subsection (a)(2) is a decision as to the theory of the trial rather than a decision as to what *offense* to proceed upon.

After examining a predecessor to the driving while impaired statute, the now repealed N.C.G.S. 20-138, it is clear that the General Assembly intended in the recently enacted provision to combine formerly separate offenses of driving under the influence of intoxicating beverage and driving with a .10 percent of blood alcohol into one offense. The former statute provided:

> § 20-138. Persons under the influence of intoxicating liquor.—(a) It is unlawful and punishable as provided in G.S. 20-179 for any person who is under the influence of intoxicating liquor to drive or operate any vehicle upon any highway or any public vehicular area within this State.
>
> (b) It is unlawful for any person to operate any vehicle upon any highway or any public vehicular area within this State when the amount of alcohol in such person's blood is 0.10 percent or more by weight. . . . An offense under this subsection shall be treated as a lesser included offense of the offense of driving under the influence.

It is clear that under the former statute two possible offenses were described. The statute explicitly stated that driving with a .10 percent alcohol level was a lesser included offense of driving under the influence of an intoxicating liquor. Such language is absent in the recently enacted N.C.G.S. 20-138.1.

In further contrast to the current version of the statute, the former statute stated that "It is unlawful . . . for any person who is under the influence of intoxicating liquor to drive. . . ." N.C. Gen. Stat. 20-138(a) (repealed 1983). In prohibiting driving with .10 percent blood alcohol, the legislature in a different subsection

again included the words "it is unlawful." The repetition of such language suggests that the legislature intended to outlaw separately both driving while under the influence of intoxicating liquor and driving with a blood alcohol level of .10 percent. In the recently enacted N.C.G.S. 20-138.1(a), the legislature described both prohibited acts by the single offense, "driving while impaired." The words "offense" and "the offense" in the singular form in the statute are amplified further by subsections 1 and 2, which describe how the offense may be committed. This arrangement supports our conclusion that the acts of driving while under the influence of an impairing substance and driving with an alcohol concentration of .10 are two separate, independent and distinct ways by which one can commit the single *offense* of driving while impaired. Since we must presume that the legislature did not act in vain but instead acted with care, deliberation and the full knowledge of prior and existing law, we interpret N.C.G.S. 20-138.1 as creating one offense which may be proved by either or both theories detailed in N.C.G.S. 20-138.1(a)(1) & (2).

Since N.C.G.S. 20-138.1 describes one offense, the State need not allege under what theory it will proceed or what evidence it intends to produce to prove the offense. *State v. Palmer*, 293 N.C. 633, 239 S.E. 2d 406 (1977). This Court has long upheld indictments for first-degree murder modeled after a short-form indictment set forth in N.C.G.S. 15-144. *State v. Duncan*, 282 N.C. 412, 193 S.E. 2d 65 (1972); *State v. Kirksey*, 227 N.C. 445, 42 S.E. 2d 613 (1947). Under that short-form indictment, the State is required to allege that the killing was committed feloniously, wilfully and with malice aforethought. Under the indictment a defendant can be convicted either on a theory of felony murder or on a theory of premeditation and deliberation or both. *State v. Norwood*, 303 N.C. 473, 279 S.E. 2d 550 (1981). The State need not declare before trial upon which theory it intends to rely. *State v. Silhan*, 302 N.C. 223, 275 S.E. 2d 450 (1981). We will not impose upon the State trying a defendant for the misdemeanor of driving while impaired a greater burden of informing a defendant of the theories upon which it intends to proceed than it must bear in trying a defendant for first-degree murder. As we held in *State v. Boyd*, 287 N.C. 131, 214 S.E. 2d 14 (1975), where the factual basis is sufficiently pleaded defendant must be prepared to defend against any and all legal theories which those facts support.

In the instant case, in compliance with N.C.G.S. 20-138.1(c), defendant was charged with operating a motor vehicle on a public highway or street subject to an impairing substance. The citation names defendant and lists his address; it establishes in what county, on what date and at what time the offense occurred. The citation is dated and signed by an arresting officer. We believe it is sufficient to inform the defendant of the charge so that he is able to prepare his defense, to enable the court to know what judgment to pronounce in the event of conviction and to protect defendant from subsequent prosecution for the same offense.

In his brief defendant poses a hypothetical situation in which he contends a defense of double jeopardy might arise. Since the facts of this case do not support such a defense, we need not consider defendant's contention in this regard.

We hold that defendant's citation is both constitutionally and statutorily sufficient. The Superior Court's reversal of the citation's dismissal is

Affirmed.