KEITH MARCELLETTE EDWARDS v. THE UNIVERSITY OF NORTH CAROLINA
AT CHAPEL HILL

No. 9115SC787

(Filed 6 October 1992)

**State § 12 (NCI3d) — reorganization of police department — white male promoted instead of black female — discrimination — jurisdiction of State Personnel Commission**

A reorganization within defendant's police department was a promotion scheme and so was within the jurisdiction of the State Personnel Commission appeals process, and the trial court therefore erred in dismissing plaintiff's claim that discrimination occurred in the reorganization, since new positions were created which carried more rank, insignia to denote

EDWARDS v. UNIVERSITY OF NORTH CAROLINA

[107 N.C. App. 606 (1992)]

rank, supervisory powers when no others of higher rank were present, and other additional duties; there was no change in salary or state job classification; "promotion," according to the SPC's definition, is a change in status upward resulting from assignment to a position of higher rank; a white male with less seniority and training was selected to fill the new position; and plaintiff, who was a black female, remained in her non-rank position with no change in title or duties.

**Am Jur 2d, Job Discrimination §§ 744 et seq.**

APPEAL by plaintiff from judgment entered 17 May 1991 in ORANGE County Superior Court by *Judge Henry A. McKinnon, Jr.* Heard in the Court of Appeals 26 August 1992.

*Alan McSurely for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lars F. Nance and Assistant Attorney General David M. Parker, for defendant-appellee.*

GREENE, Judge.

Keith Marcellette Edwards (Edwards) appeals from a judgment entered 17 May 1991 in Orange County Superior Court affirming the dismissal of her appeal by the State Personnel Commission.

Edwards was employed as a sworn police officer by the University of North Carolina at Chapel Hill (University). Edwards was the only black female employed in the University's Police Department (Department). In June 1987, the University initiated what it called a reorganization or reassignment plan which made sweeping changes in the Department. Several new rank positions were created and personnel within the Department were elevated to hold these newly created positions. The position of Major, which had been the highest rank in the Department, was changed to Chief. Two new Major positions were created. Those individuals holding the existing rank of Lieutenant had their titles changed to Captain. The existing Sergeant positions, which were held by individuals with the state job classification of Police Officer II, were changed to Lieutenant. Two new Sergeant positions were created within the Police Officer I state job classification. Those holding the Police Officer I state job classification had previously been exclusively line officers who held no rank or supervisory

powers. The newly created Sergeant positions carried with them rank, the insignia to denote rank, supervisory powers when no others of higher rank were present, and other additional duties. There was no change in salary or state job classification. After the new supervisory ranks were awarded, the Director of the Department posted a memo congratulating those assuming new responsibilities.

The new Sergeant position on Edwards' shift was awarded to a white male who held, before and after the reorganization, the state job classification of Police Officer I. The new Sergeant was given rank, sergeant stripes, and some supervisory duties over others in the Police Officer I job classification. He was also given responsibility for scheduling vehicle maintenance. Edwards remained in the non-rank position of Police Officer I with no change in title or duties. Edwards had been with the Department longer and had more training than the individual who was selected to fill the position of Sergeant. Edwards contends that she was discriminated against because of race and sex in the selection of the officer to fill the new Sergeant position.

Edwards properly followed in-house grievance procedures but was unsuccessful. She then appealed pursuant to N.C.G.S. § 126-36 (1987) to the Office of State Personnel (OSP). Pursuant to N.C.G.S. § 126-37 (1987), the OSP referred her case to the Office of Administrative Hearings (OAH) for a hearing before an Administrative Law Judge (ALJ). The ALJ found on 19 July 1990 that the changes in the Department were promotions, and that Edwards had established a prima facie case that discrimination occurred in the selection process. The ALJ found that the legitimate, non-discriminatory reasons put forth by the University for not giving a position of rank to Edwards were a pretext for race and sex discrimination. The ALJ recommended that Edwards be assigned to the rank of Sergeant and awarded reasonable attorney's fees.

The State Personnel Commission (SPC) did not accept the ALJ's finding, instead dismissing Edwards' claim on the ground that no promotion occurred and thus Edwards had failed to present an issue over which the SPC had jurisdiction under N.C.G.S. § 126-36. On appeal to the superior court, the court upheld the SPC's finding that Edwards' discrimination claim did not fall within the appellate jurisdiction of the SPC because no promotion occurred.

EDWARDS v. UNIVERSITY OF NORTH CAROLINA

[107 N.C. App. 606 (1992)]

N.C.G.S. § 126-37 limits SPC jurisdiction to those appeals involving disciplinary action, alleged discrimination, and any other contested cases arising under the State Personnel Act. *Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 343, 389 S.E.2d 35, 38 (1990). Edwards' allegations of race and sex discrimination meet this requirement. N.C.G.S. § 126-36 further restricts the jurisdiction of the SPC to those cases where the discrimination alleged results · in denial of employment, promotion, training, or transfer. Edwards contends that the reorganization of the Department was a promotion scheme which discriminated against her and is therefore within the jurisdiction of the SPC appeals process. The University contends that the changes in rank made pursuant to the reorganization involved no increase in salary or change in state job classification, and were therefore not promotions within the jurisdiction of the SPC.

---

The dispositive issue is whether the reorganization within the Department was a promotion scheme and therefore within the appellate jurisdiction of the SPC.

N.C.G.S. § 126-36 does not contain a definition of promotion. Unless a word in a statute has acquired a technical meaning or the language of the statute indicates that a special use is intended, it must be given its "common and ordinary meaning." *State v. Coker*, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984). Black's Law Dictionary defines technical as "peculiar to an art or profession." Black's Law Dictionary 1312 (6th ed. 1991). The word promotion is not peculiar to any particular profession, but is universally used. Nothing in the text of N.C.G.S. § 126-36 indicates that the Legislature sought to attach any technical meaning to its use. Promotion is an ordinary word, and in applying N.C.G.S. § 126-36 we must give the "ordinary words used therein their natural, approved and recognized meaning." *Watson Indus. v. Shaw*, 235 N.C. 203, 208, 69 S.E.2d 505, 509 (1952).

Courts use the dictionary to determine the common and ordinary meaning of words. *State v. Martin*, 7 N.C. App. 532, 533, 173 S.E.2d 47, 48 (1970). Promotion is defined as the "act or fact of being raised in position or rank." Webster's Ninth New Collegiate Dictionary 921 (9th ed. 1991). Rank is defined as "relative standing or position" within a group. Webster's Third New International Dictionary 1881 (3d ed. 1966). There is no mention in the definition of promotion of increased pay or change in job classifica-

tion. This definition is consistent with other states' interpretations of promotion, which recognize that salary increases and changes in job classification are not the sole criteria for determining the existence of a promotion. *See, e.g., Joyce v. Ortiz*, 487 N.Y.S.2d 746 (1985) (reclassification which confers enhanced responsibility is a promotion); *Colorado Ass'n of Pub. Employees v. Lamm*, 677 P.2d 1350 (Colo. 1984) (euphemistic description of upward allocation of position was really promotion, and will not be allowed to evade competitive bidding); *Hudson v. School Dist. of Kansas City*, 578 S.W.2d 301 (Mo. App. 1979) (promotion not limited to increased remuneration, but also includes greater responsibility and better working conditions).

The "common and ordinary" definition is also consistent with the SPC's own definition of promotion as "a change in status upward resulting from assignment to a position of higher level." N.C. Admin. Code tit. 25, r. 01D.0301 (Feb. 1976). Again, no mention is made of higher pay or a formal change in job classification. The important criteria in both the dictionary and SPC definitions of promotion are greater status and a higher standing in relation to others.

Accordingly, to the extent any individual's relative standing among his peers was raised when the Department reclassified ranks, that individual was promoted. In this case, the new Sergeant's standing relative to Edwards and others in the Police Officer I job classification was raised because he was given supervisory authority over them and he was given a title and insignia to denote a position of higher respect. This is so without regard to the presence or absence of any concomitant salary increase.

Because the action taken by the University was a promotion, the SPC had jurisdiction to adjudicate Edwards' appeal. Therefore, the finding of the superior court that the SPC lacked jurisdiction to hear Edwards' claim is reversed. This case is remanded to the superior court to be returned to the SPC for consideration of whether Edwards was discriminated against in the selection of the officer to fill the Sergeant position in the University's Police Department.

Reversed and remanded.

Judges WELLS and ORR concur.