STATE OF NORTH CAROLINA v. DEAN BRINSON

No. 189A93

(Filed 6 October 1994)

1. **Assault and Battery § 16 (NCI4th); Indictment, Information, and Criminal Pleadings § 40 (NCI4th)— aggravated assault—amendment of indictment—cell bars and floor as deadly weapons**

An indictment alleging that defendant assaulted the victim "with his fists, a deadly weapon, by hitting [the victim] over the body with his fists and slamming his head against the cell bars and floor" and that this assault resulted in the victim's broken neck and paralysis was sufficient to allege that the cell bars and floor were deadly weapons since the indictment specifically referred to the cell bars and floor, and the recitation of facts in the indictment necessarily demonstrated the deadly character of the cell bars and floor. Therefore, the trial court did not err by permitting the State to amend the indictment to allege that the cell bars and floor were deadly weapons since the amendment was not necessary to permit the jury to consider the cell bars and floor as deadly weapons, and the amendment did not substantially alter the charge in the original indictment. N.C.G.S. § 15A-923(e).

**Am Jur 2d, Assault and Battery §§ 90, 91; Indictments and Informations §§ 171 et seq.**

**Comment Note.—Power of court to make or permit amendment of indictment. 17 ALR3d 1181.**

**Parts of the human body, other than feet, as deadly or dangerous weapons for purposes of statutes aggravating offenses such as assault and robbery. 8 ALR4th 1268.**

**Stationary object or attached fixture as deadly or dangerous weapon for purposes of statute aggravating offenses such as assault, robbery, or homicide. 8 ALR5th 775.**

2. **Criminal Law §§ 1098, 1120 (NCI4th)— aggravated assault—broken neck as serious injury—paralysis as basis for severe and permanent injuries aggravating factor**

The trial court did not improperly aggravate defendant's sentence for assault with a deadly weapon inflicting serious injury

STATE v. BRINSON

[337 N.C. 764 (1994)]

with evidence necessary to prove the serious injury element of the crime by finding as a nonstatutory aggravating factor that the victim sustained "extremely severe and permanent" injuries where the evidence showed that the victim suffered a broken neck and paralysis from the assault; the evidence relating to the victim's broken neck was sufficient to establish the serious injury element of the crime; the trial court's finding that the victim suffered "extremely severe and permanent" injuries was based solely on the victim's paralysis; and the injuries used by the trial court to aggravate the sentence thus went beyond the "serious injury" necessary to convict for the offense. N.C.G.S. § 15A-1340.3(a)(1).

**Am Jur 2d, Criminal Law §§ 598, 599.**

Justice WEBB dissenting.

Appeal of right by the State pursuant to N.C.G.S. § 7A-30(2) from an unpublished decision of a divided panel of the Court of Appeals, 110 N.C. App. 314, 430 S.E.2d 313 (1993), vacating the trial court's judgment against defendant entered on 10 May 1991 by Reid, J., in Superior Court, Nash County and remanding for a new trial. Heard in the Supreme Court 14 October 1993.

*Michael F. Easley, Attorney General, by Jo Anne Sanford, Special Deputy Attorney General, and William B. Crumpler, Associate Attorney General, for the State-appellant.*

*Terry W. Alford for defendant-appellee.*

EXUM, Chief Justice.

On 4 March 1991 defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. On 10 May 1991 a jury found defendant guilty of assault with a deadly weapon inflicting serious injury. After finding aggravating factors, the court sentenced defendant to eight years imprisonment. A divided panel of the Court of Appeals vacated this judgment and remanded for a new trial. We find no error in the trial court proceedings and reverse.

At trial the State introduced evidence showing that defendant and John Delton Eason were cellmates at the Nash County Jail on the night of 25 October 1990. Eason was playing checkers with another inmate when defendant began yelling to some females in another cell. Eason told defendant to stop yelling so that he and other inmates

**STATE v. BRINSON**

[337 N.C. 764 (1994)]

would not lose their privileges. Defendant approached Eason, who arose as defendant neared. They stood facing each other for a couple of minutes. Eason turned, but as he did so defendant struck him in the jaw and put him in a full nelson hold.[1]

Defendant then proceeded to slam Eason's head against the bars, at which time Eason heard his neck "pop." Defendant then slammed Eason's head on the floor several times. A jailor found Eason on the floor, lying on his stomach with his neck twisted and scratches on his face. Eason's neck was broken, resulting in paralysis below the chest.

Based on this evidence the jury found defendant guilty of assault with a deadly weapon inflicting serious injury. After finding factors in aggravation and none in mitigation, the trial court sentenced defendant to eight years imprisonment. The majority of the Court of Appeals panel reversed on the ground that the trial court improperly permitted the State to amend the indictment. In the event that the issue might recur at the new trial, the majority also held that a non-statutory aggravating factor found by the trial judge was improper. Judge Cozort dissented on the grounds that the amendment was neither improper nor prejudicial and that the non-statutory aggravating factor was properly considered.

I.

[1] The first issue presented is whether the trial court committed prejudicial error in permitting the State to amend the indictment. The original indictment stated that defendant

> unlawfully, willfully and feloniously did assault John Delton Eason, Jr. with his fists, a deadly weapon, by hitting John Delton Eason, Jr. over the body with his fists and slamming his head against the cell bars and floor. The assault was intended to kill and resulted in serious injury, a broken neck, which required emergency medical treatment and hospitalization and which left the victim paralyzed. This act was in violation of [N.C.G.S. § 14-32(a) (1993)[2]].

---

1. A full nelson is defined as "a hold gained by a wrestler, who from a position behind his opponent, places both arms under his opponent's arms and clasps his hands or wrists behind the opponent's neck." *Webster's Third New International Dictionary* 919 (1971).

2. N.C.G.S. § 14-32(a) states that "[a]ny person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury shall be punished as a Class F felon."

**STATE v. BRINSON**

[337 N.C. 764 (1994)]

On the day of trial before jury selection began, the State moved to amend the indictment. The amended indictment stated that defendant

> unlawfully, willfully and feloniously did assault John Delton Eason, Jr. with his fists by hitting John Delton Eason, Jr. over the body with his fists and slamming his head against the cell bars, a deadly weapon, and floor. The assault was intended to kill and resulted in serious injury, a broken neck, which required emergency medical treatment and hospitalization and which left the victim paralyzed. This act was in violation of the above referenced statute.

Defendant objected, contending that the grand jury should first determine whether a jail cell or a floor is a deadly weapon. Defendant claimed that he was not prepared to prove that the jail cell and floor were not deadly weapons. The trial court granted the State's motion and continued the trial to the next morning to give counsel for defendant additional time to prepare.

Defendant contends that it was error for the court to permit the State to prosecute defendant on the amended indictment. We disagree.

N.C.G.S. § 15A-923(e) provides that "a bill of indictment may not be amended." This statute, however, has been construed to mean only that an indictment may not be amended in a way which "would substantially alter the charge set forth in the indictment." *State v. Carrington*, 35 N.C. App. 53, 240 S.E.2d 475, *disc. rev. denied*, 294 N.C. 737, 244 S.E.2d 155 (1978). Thus, for example, where time is not an essential element of the crime, an amendment relating to the date of the offense is permissible since the amendment would not "substantially alter the *charge* set forth in the indictment." *State v. Price*, 310 N.C. 596, 598-99, 313 S.E.2d 556, 559 (1984).

We conclude the amendment to the indictment was permissible because it did not substantially alter the charge in the original indictment. The original indictment was sufficient to allege that the cell floor and bars were deadly weapons.

N.C.G.S. § 15A-924(a)(5) states:

> A criminal pleading must contain [a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient

precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

"[T]he purpose of an indictment . . . is to inform a party so that he may learn with reasonable certainty the nature of the crime of which he is accused . . . ." *State v. Coker*, 312 N.C. 432, 437, 323 S.E.2d 343, 347 (1984).

With regard to indictments "seeking to charge a crime in which one of the elements is the use of a deadly weapon," we have held that it is sufficient to "(1) name the weapon and (2) either to state expressly that the weapon used was a 'deadly weapon' or to allege such facts as would *necessarily* demonstrate the deadly character of the weapon." *State v. Palmer*, 293 N.C. 633, 639-40, 239 S.E.2d 406, 411 (1977).

With respect to whether the original indictment properly alleged that the cell bars and floor were deadly weapons, the first prong of *Palmer* is met as the original indictment specifically referred to the cell bars and cell floor. The second prong of *Palmer* is likewise met as the indictment stated that the victim's broken neck and paralysis resulted from the "assault," which included defendant's "slamming [the victim's] head against the cell bars and floor." This recitation of facts "necessarily demonstrate[s] the deadly character of" the cell bars and floor. The original indictment's statement that defendant "slamm[ed] his head against the cell bars and floor" with the intent to kill resulting in a broken neck and paralysis is drafted with "sufficient precision clearly to apprise the defendant" that the cell bars and floor were alleged to be deadly weapons. N.C.G.S. § 15A-924(a)(5) (1988). If counsel for defendant was unprepared to counter this allegation at trial, it was through no deficiency in the indictment.

In attempting to establish the materiality and prejudice of the amendment, defendant emphasizes that the original indictment specifically stated that the fists were deadly weapons. Identifying fists as deadly weapons, however, does not preclude the State from identifying at trial other items as deadly weapons where the indictment both describes them and "necessarily demonstrates[s]" their deadly character. Presumably the fists were identified as deadly weapons as it might not have been clear from the entire indictment, without those words, whether the fists were used as deadly weapons. Since, however, the indictment clearly stated the deadly manner in which the floor and bars were used, it was not necessary under *Palmer* to allege in the indictment that they were deadly weapons.

Also, the indictment said that the victim was assaulted with defendant's "fists, a deadly weapon, *by* . . . slamming [the victim's] head against the cell bars and floor." Thus, the indictment clearly linked the deadly nature of the fists to their use in slamming the victim into the bars. Whether an item is deadly often depends entirely on its use. *See, e.g., State v. Strickland*, 290 N.C. 169, 177-78, 225 S.E.2d 531, 538 (1976) (plastic bag may be a deadly weapon when used to suffocate victim).

The original indictment, then, was sufficient to allege that both the fists of defendant and the cell bars and floor were deadly weapons. Thus, under the original indictment the State properly may have asserted at trial that defendant's fists, the cell floor, the cell bars, or a combination thereof were the deadly weapons which caused the victim's serious injury. Since the amendment to the indictment was not necessary to permit the jury to consider the cell bars and floor as deadly weapons, the amended indictment did not substantially alter the original indictment. There was, therefore, no error in the trial court's ruling allowing the amendment.

The decision of the Court of Appeals reversing the conviction for assault with a deadly weapon inflicting serious injury is reversed; defendant therefore remains convicted of that crime.

II.

[2] The next issue is whether the trial court erred by aggravating defendant's sentence for "assault with a deadly weapon inflicting serious injury" with the finding that the victim sustained "extremely severe and permanent injuries." A majority of the Court of Appeals concluded that the finding was error because it was based on the same evidence used to prove the serious injury element of the crime. We disagree.

Defendant was convicted under N.C.G.S. § 14-32(b), which states, "Any person who assaults another person with a deadly weapon and inflicts serious injury shall be punished as a Class H felon." The trial judge found as a non-statutory aggravating factor that "[t]he injuries sustained by the victim were extremely severe and permanent." Based on this finding and on the aggravating factor found at N.C.G.S. § 15A-1340.4(a)(1)o, relating to prior crimes, defendant was sentenced to eight years imprisonment, in excess of the presumptive term of three years, N.C.G.S. § 15A-1340.3(f)(6) (1988).

Defendant contends the trial court violated N.C.G.S. § 15A-1340.3(a)(1), which states that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." We disagree.

The evidence relating to the victim's broken neck, aside from evidence relating to the resulting paralysis, was sufficient to establish the element of the crime that the defendant inflicted a "serious injury" upon the victim. *See, e.g., State v. Marshall,* 5 N.C. App. 476, 478, 168 S.E.2d 487, 488 (1982) (bullet wound to neck near spinal cord may be found to constitute serious injury).

The evidence relating to the broken neck, however, was not used in making the finding that the "injuries sustained by the victim were extremely severe and permanent"; instead, that finding rested solely on the victim's paralysis. In making this conclusion we first recognize the principle that an appellate court is to presume the trial court's findings were based only on competent evidence. *See, e.g., Contracting Co. v. Ports Authority,* 284 N.C. 732, 739, 202 S.E.2d 473, 477 (1974). By analogy, we presume that absent any indication to the contrary in the record, the trial court in making its findings of fact relied only on evidence which was proper to consider. Thus, without any indication in the record to the contrary, we are to presume that the trial court did not improperly aggravate the sentence with evidence necessary to prove the crime.

Moreover, the trial court's finding here affirmatively indicates that it did not improperly aggravate defendant's sentence. Since the victim's broken neck will heal in time whereas his paralysis is permanent, the "permanent" injuries used by the trial court to aggravate the sentence must refer to the victim's paralysis and not the broken neck. We are also persuaded that the trial court did not use evidence of the broken neck, which supported the "serious injury," to aggravate the sentence since the trial court described the injuries constituting the aggravating factor as not merely "serious," but "extremely severe," thereby clearly indicating that it was considering injury above and beyond that necessary to establish the crime.

Since the "extremely severe and permanent" injuries used by the trial court to aggravate the sentence for assault went beyond the "serious injury" necessary to convict for the offense, it did not violate N.C.G.S. § 15A-1340.4(a)(1). *Cf. State v. Blackwelder,* 309 N.C. 410, 413 n.1, 306 S.E.2d 783, 786 n.1 (1983) ("Where physical or emotional injury is in excess of that normally present in the offense, multiple

injuries would be an important consideration . . . as an additional factor in aggravation . . . .").

Thus, we find no error in the sentence imposed by the trial court.

The decision of the Court of Appeals is

REVERSED.

Justice WEBB dissenting.

I dissent from that part of the majority opinion which holds the superior court did not commit error by using evidence necessary to prove an element of the offense to prove an aggravating factor. One element of the offense was that the defendant inflicted serious injury upon the victim.

In order to prove the serious injury element, the State introduced evidence that the victim's neck was broken and he was paralyzed below the chest. After considering the evidence, the jury found the victim suffered serious injury. We cannot say what part of the evidence the jury used to reach its verdict, but I believe we should say it considered all of it.

The majority says that the evidence of the broken neck was sufficient to find the victim was seriously injured, which left the court free to use the evidence of paralysis to find as an aggravating factor that the victim sustained "extremely severe and permanent injuries." The State, when presenting its case in chief, offered all the evidence it could to prove the serious injury. The paralysis was relevant and competent to prove this element. I believe we are perverting the statute by allowing the State now to use this evidence to prove an aggravating factor. By our decision today, we have adopted a rule that after the State has used what evidence it feels is necessary to convict a defendant, it may then decide what of that evidence was necessary to convict and reuse the other evidence to prove an aggravating factor. I believe we should hold that all the evidence was necessary to prove the element of the crime. The State must have thought so or it would not have used it.

I vote to affirm the Court of Appeals in its holding that it was error to consider the evidence of paralysis in finding an aggravating factor. I agree with the majority opinion as to the first issue in this appeal.