DILLON, Judge.
 

 *114
 
 Denzel Jamal Hill ("Defendant") appeals from six judgments finding him guilty of one count of first degree sex offense, five counts of statutory rape, and two counts of second degree kidnapping. On appeal, Defendant argues: (A) the indictment for assault with a deadly weapon was facially deficient and the indictment for assault inflicting serious injury was wrongfully amended; (B) the State's evidence was not sufficient to support the fifty-two (52) counts of statutory rape, sexual offenses and indecent liberties charges on which Defendant was indicted; (C) the court erroneously defined "serious bodily injury" during its jury instructions; and (D) the court's sentencing violates the Eighth Amendment of the United States Constitution by being grossly disproportionate to the crimes for which Defendant was convicted. We
 
 *115
 
 find that the trial court did err in allowing the State to amend the second degree kidnapping indictment in 14CRS053569. We find no error as to all other alleged issues.
 

 I. Background
 

 Defendant was indicted for various crimes in connection with a series of sex encounters with two minors, E.D. and F.H. A jury found the Defendant guilty of sixty-nine (69) counts, which the trial court consolidated into six judgments. Defendant was sentenced to consecutive terms of imprisonment. Defendant timely appealed.
 

 II. Analysis
 

 A. Challenges to Certain Indictments
 

 An indictment purported to be invalid on its face may be challenged at any time.
 
 State v. Wallace
 
 ,
 
 351 N.C. 481
 
 , 503,
 
 528 S.E.2d 326
 
 , 341 (2000). We review the sufficiency of an indictment
 
 de novo
 
 .
 
 See
 

 State v. Sturdivant
 
 ,
 
 304 N.C. 293
 
 , 307-11,
 
 283 S.E.2d 719
 
 , 729-31 (1981).
 

 Defendant takes issue with two of the indictments.
 

 1. Assault Indictment (14CRS053566)
 

 First, Defendant argues that the indictment for one of the "assault with a deadly weapon inflicting serious injury" charges (14CRS053566) is defective because the indictment fails to include the word "assault" in its description of the offense.
 

 It is not fatal if an indictment is not perfect with regard to form or grammar if the meaning of the indictment is clearly apparent "so that a person of common understanding may know what is intended."
 
 State v. Coker
 
 ,
 
 312 N.C. 432
 
 , 435,
 
 323 S.E.2d 343
 
 , 346 (1984).
 

 Here, while the indictment does fail to include the word "assault," the indictment was sufficient in charging an assault by alleging that Defendant willfully injured one of the victims with a screwdriver, stating as follows:
 

 [T]he jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did E.D. with a screwdriver, a deadly weapon, inflicting serious injury, against the form of the statute in such case made and provided and against the peace and dignity of the State.
 

 *116
 
 Additionally, the indictment correctly lists the offense as "AWDW SERIOUS INJURY" and references the correct statute, namely,
 
 N.C. Gen. Stat. § 14-32
 
 (B).
 
 N.C. Gen. Stat. § 14-32
 
 (2013) (describing felonious assault with deadly weapon inflicting serious injury). Viewing the indictment as a whole, it substantially follows the language of
 
 N.C. Gen. Stat. § 14-32
 
 and its essential elements, and
 
 *634
 
 apprised Defendant of the crime in question. Therefore, we conclude it meets the requirements of law.
 
 State v. Randolph
 
 ,
 
 228 N.C. 228
 
 , 231,
 
 45 S.E.2d 132
 
 , 134 (1947).
 

 2. Kidnapping Indictment (14CRS043569)
 

 Defendant also contends that the trial court erred in allowing the State to amend the indictment of second degree kidnapping in 14CRS053569. We agree.
 

 Pursuant to N.C. Gen. Stat. § 15A-923(e) (2013), a bill of indictment may not be amended. This statute has been interpreted to mean "that an indictment may not be amended in a way which 'would substantially alter the charge set forth in the indictment.' "
 
 State v. Brinson
 
 ,
 
 337 N.C. 764
 
 , 767,
 
 448 S.E.2d 822
 
 , 824 (1994). "In determining whether an amendment is a substantial alteration, we must consider the multiple purposes served by indictments, the primary one being to enable the accused to prepare for trial."
 
 State v. Silas
 
 ,
 
 360 N.C. 377
 
 , 380,
 
 627 S.E.2d 604
 
 , 606 (2006) (internal citations omitted).
 

 One is guilty of kidnapping if he or she confines, restrains, or removes the victim for one of six purposes enumerated in
 
 N.C. Gen. Stat. § 14-39
 
 . The statutory purpose relevant to this case is where the confinement, restraint, or removal of the victim is for "[f]acilitating the commission of any felony[.]"
 
 N.C. Gen. Stat. § 14-39
 
 (a)(2) (2013).
 

 Our Supreme Court has held that an indictment for kidnapping based on the commission of a felony need not specify the felony.
 
 State v. Freeman
 
 ,
 
 314 N.C. 432
 
 , 435-36,
 
 333 S.E.2d 743
 
 , 745-46 (1985). Our Supreme Court has also held that if the indictment does specify a crime, Defendant "must be convicted, if convicted at all," on the felony specified in the indictment.
 
 State v. Faircloth
 
 ,
 
 297 N.C. 100
 
 , 107-10,
 
 253 S.E.2d 890
 
 , 894-96 (1979). Thus, if the indictment does state a specific underlying felony, a jury may not convict on the basis of a different felony than the one included in the indictment.
 
 State v. Moore
 
 ,
 
 315 N.C. 738
 
 , 743,
 
 340 S.E.2d 401
 
 , 404 (1986).
 

 Here, the indictment in question alleges that Defendant restrained the victim for the purpose of facilitating the following felony: "Assault Inflicting Serious Injury." However, "assault inflicting serious injury" is
 
 *117
 
 a Class A1 misdemeanor.
 
 N.C. Gen. Stat. § 14-33
 
 (c) (2013). During trial, though, the State was allowed to amend its indictment to add the term "bodily" such that the crime specified was "assault inflicting serious
 
 bodily
 
 injury," which is a Class F felony.
 
 N.C. Gen. Stat. § 14-32.4
 
 (2013).
 

 We hold that the State was bound by the crime as alleged in the original indictment. As noted above, pursuant to N.C. Gen. Stat. § 15A-923(e), a bill of indictment may not be amended "in a way which would substantially alter the charge set forth in the indictment."
 
 Brinson
 
 ,
 
 337 N.C. at 767
 
 ,
 
 448 S.E.2d at 824
 
 (internal citation omitted). As we have held, an amendment from "assault inflicting serious injury" to "assault inflicting serious bodily injury" does constitute a substantial change as it raises the underlying crime from a misdemeanor to a felony.
 
 See
 

 State
 

 v. Moses
 
 ,
 
 154 N.C. App. 332
 
 , 338,
 
 572 S.E.2d 223
 
 , 228 (2002). Thus, the trial court erred in allowing the amendment and sending the charge of second degree kidnapping to the jury.
 

 Nevertheless, the allegations in the indictment do constitute the crime of false imprisonment, a lesser-included offense of kidnapping.
 
 State v. Harrison
 
 ,
 
 169 N.C. App. 257
 
 , 265-66,
 
 610 S.E.2d 407
 
 , 414 (2005),
 
 aff'd per curiam
 
 ,
 
 360 N.C. 394
 
 ,
 
 627 S.E.2d 461
 
 (2006). In
 
 Harrison
 
 , we stated that:
 

 The difference between kidnapping and the lesser-included offense of false imprisonment is the purpose of the confinement, restraint, or removal of another person. If the purpose of the restraint was to accomplish one of the purposes enumerated in
 
 N.C. Gen. Stat. § 14-39
 
 , then the offense is kidnapping. However, if the unlawful restraint occurs without any of the purposes specified in the statute, the offense is false imprisonment.
 

 Id.
 

 Further, the jury did find that Defendant committed the acts as alleged in the indictment.
 
 State v. Pigott
 
 ,
 
 331 N.C. 199
 
 , 210-11,
 
 415 S.E.2d 555
 
 , 562 (1992). Therefore, we vacate the judgment finding Defendant guilty of second degree kidnapping and remand for
 
 *635
 
 judgment and resentencing for the lesser-included crime of false imprisonment.
 

 B. Motion to Dismiss based on Insufficient Evidence
 

 Defendant next alleges that the trial court erred in denying his motion to dismiss the thirty-three (33) counts of statutory rape, two counts of statutory sex offense, and seventeen (17) counts of indecent liberties as to F.H. Defendant based his motion to dismiss on the ground that there was insufficient evidence put on by the State to prove all of these counts.
 

 *118
 
 In order to overcome the Defendant's motion to dismiss, the State must have sufficiently provided evidence of each essential element of the statutory rape charge(s), the statutory sexual offense charge(s), and the indecent liberties charge(s). The elements of both statutory rape and statutory sexual offense are "engag[ing] in vaginal intercourse with another person who is 15 years of age or younger and the defendant is at least 12 years old and at least six years older than the person, except when the defendant is lawfully married to the person."
 
 N.C. Gen. Stat. § 14-27
 
 .7a (2013) (recodified as
 
 N.C. Gen. Stat. § 14-27.25
 
 (2015) ). The elements of taking indecent liberties with a child are, where one "being 16 years of age or more and at least five years older than the child in question ... willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire[.]"
 
 N.C. Gen. Stat. § 14-202.1
 
 (2013).
 

 During the trial, the State provided evidence in the form of testimony from victim F.H. F.H. testified that she was born on 4 December 1998 and that she was in a relationship with Defendant from 1 March 2013 through 18 July 2014, at which time she was fourteen (14) and fifteen (15) years old and Defendant was at least twenty-one (21) years old. F.H. further testified to sexual contact during their relationship; F.H. stated that she and Defendant had vaginal intercourse at least once a week, beginning the day that F.H. met Defendant, and that she performed oral sex before, during, and after each occurrence of sexual intercourse. Two additional witnesses testified to observing Defendant and F.H. have sexual intercourse during this time, one of whom also testified to observing oral sex between Defendant and F.H.
 

 Defendant argues that since the State failed to provide a specific number of times that F.H. and Defendant had sexual intercourse and oral sex and how many times Defendant touched F.H. in an immoral way, the total number of counts is not supported and his motion to dismiss should have been granted. We disagree.
 

 While F.H. did not explicitly state a specific number of times that she and Defendant had sexual relations, we conclude that a reasonable jury could find the evidence, viewed in the light most favorable to the State, sufficient to support an inference for the number of counts at issue. As the State points out in its brief, F.H. testified that she and Defendant had sexual intercourse at least once a week for a span of seventy-one (71) weeks. This testimony amounts to at least seventy-one (71) incidents of sexual intercourse, and Defendant was only indicted and convicted of thirty-three (33) incidents. Our Supreme Court has held that
 

 *119
 
 if the evidence show[s] a greater number of incidents committed by the defendant than the number of offenses with which he was charged and convicted, no jury unanimity problem existed regarding the convictions because, 'while one juror might have found some incidents of misconduct and another juror might have found different incidents of misconduct, the jury as a whole found that improper sexual conduct occurred.'
 

 State v. Massey
 
 ,
 
 361 N.C. 406
 
 , 408,
 
 646 S.E.2d 362
 
 , 364 (2007) (internal citation omitted). We conclude that the trial court was correct in denying Defendant's motion to dismiss.
 

 C. Jury Instruction of "Serious Bodily Injury"
 

 Defendant next appeals the jury instructions that the trial court gave for the charge of assault inflicting serious bodily injury as to E.D. Specifically, Defendant takes
 
 *636
 
 issue with the definition of "serious bodily injury."
 

 Defendant did not object to the jury instruction at the time it was given; therefore, we review the instruction for plain error.
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012). "Under the plain error rule, [a] defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result."
 
 State v. Jordan
 
 ,
 
 333 N.C. 431
 
 , 440,
 
 426 S.E.2d 692
 
 , 697 (1993).
 

 While this court prefers the use of the North Carolina Pattern Jury Instructions, an instruction is sufficient if it adequately explains each essential element of an offense.
 
 State v. Avery
 
 ,
 
 315 N.C. 1
 
 , 31,
 
 337 S.E.2d 786
 
 , 803 (1985). Jury instructions are generally upheld where "it is highly unlikely that omission of [the incorrect] portion of the charge would have produced a different result in the trial."
 
 State v. Gaines
 
 ,
 
 283 N.C. 33
 
 , 42,
 
 194 S.E.2d 839
 
 , 846 (1973). In
 
 State v. Jones
 
 , the North Carolina Supreme Court held that, "[w]here the charge as a whole presents the law fairly and clearly to the jury, the fact that isolated expressions, standing alone, might be considered erroneous affords no grounds for a reversal."
 
 294 N.C. 642
 
 , 653,
 
 243 S.E.2d 118
 
 , 125 (1978).
 

 The North Carolina Pattern Jury Instruction provides that "[s]erious bodily injury is bodily injury that creates or causes [a substantial risk of death][serious permanent disfigurement]." N.C. P. I. 120.11. Here, the trial court's instruction stated, in pertinent part:
 

 *120
 
 Serious bodily injury is injury that creates or causes a substantial risk of serious permanent disfigurement.
 

 While the trial court's instruction was imperfect as to its definition of serious bodily injury, we are not convinced that the jury was misled by the instructions as given. The instruction, viewed as a whole, correctly placed the burden of proof on the State for the two elements of felonious assault inflicting serious bodily injury. The trial court merely conjoined the language of two parentheticals from the pattern jury instruction. Moreover, the evidence put on by the State goes to prove the creation of serious permanent disfigurement, not a risk of serious substantial disfigurement. Therefore, even though the jury was incorrectly instructed that the State's burden may be satisfied by the Defendant causing a substantial risk of serious permanent disfigurement, the State's evidence sufficiently proved that E.D. actually suffered serious permanent disfigurement. We cannot say that it is reasonably probable that the outcome would have been different, but for the error in the jury instruction.
 

 D. Eighth Amendment Violation
 

 Lastly, Defendant argues that the trial court's consecutive sentences, totaling a minimum of one hundred thirty-eight (138) years, violates his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment. Defendant failed to object to the sentencing on constitutional grounds in the trial court. Therefore, Defendant has failed to preserve this argument for appellate review.
 
 See
 

 State v. Wilson
 
 ,
 
 363 N.C. 478
 
 , 484,
 
 681 S.E.2d 325
 
 , 330 (2009).
 

 In any event, we note that Defendant's constitutional argument appears to lack merit. Article I, Section 27 of the North Carolina Constitution mirrors the Eighth Amendment of the federal constitution in that it protects individuals from "cruel or unusual punishments." A punishment may be "cruel or unusual" if it is not proportionate to the crime for which the defendant has been convicted.
 
 State v. Ysaguire
 
 ,
 
 309 N.C. 780
 
 , 786,
 
 309 S.E.2d 436
 
 , 440 (1983). Our Supreme Court in
 
 Ysaguire
 
 stated that "only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment."
 
 Id.
 
 at 786,
 
 309 S.E.2d at 441
 
 .
 

 N.C. Gen. Stat. § 15A-1354 vests the trial court with the discretion to elect between concurrent or consecutive sentences for a defendant faced with multiple sentences of imprisonment.
 
 Id.
 
 at 785,
 
 309 S.E.2d at 440
 
 . "The imposition of consecutive sentences, standing alone, does not constitute cruel and unusual punishment."
 

 Id.
 

 , at 786,
 
 309 S.E.2d at 441
 
 .
 

 *637
 

 *121
 
 Here, the trial court utilized the discretion given to it by the legislature and consolidated the seventy (70) verdicts into six identical judgments, each of which were sentenced in the presumptive range. The trial court ordered that these two hundred seventy-six-month (276-month) sentences be served consecutively. In light of the crimes committed in this case, there appears to be no abuse of discretion in the sentencing.
 

 III. Conclusion
 

 We vacate the judgment of guilty of second degree kidnapping in 14CRS053569 and remand the case back to the trial court for an entry of judgment of conviction and sentencing for false imprisonment. We find no other error.
 

 NO ERROR IN PART, VACATED AND REMANDED IN PART.
 

 Judges ELMORE and DAVIS concur.