STATE OF NORTH CAROLINA
v.
JAAMALL DENARIS OGLESBY.
No. COA04-1534-2
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Jonathan P. Babb, for the State.
Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant-appellant.
WYNN, Judge.
This case is before us on remand from the North Carolina Supreme Court to reexamine Defendant Jaamall Denaris Oglesby's sentencing in light of State v. Blackwell, 361 N.C. 41, 638 S.E.2d 452 (2006), cert. denied, 127 S. Ct. 2281, 167 L. Ed. 2d 1114 (2007). During Defendant's sentencing hearing, the trial court found as an aggravating factor that "[t]he defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy." Because we find that the evidence was so overwhelming or uncontroverted that any rational factfinder would have found this aggravating factor beyond a reasonable doubt, we find no prejudicial error.
At the outset of Defendant's trial on charges of felony murder, first-degree kidnapping, and attempted robbery with a dangerous weapon regarding the murder of Scott Jester on 10 September 2002, Defendant pled guilty to two counts of robbery with a dangerous weapon for the armed robberies of two convenience stores on 7 and 8 September 2002. The trial court elected not to sentence Defendant on those charges until after the jury verdict. Defendant was subsequently found guilty of felony murder, first-degree kidnapping, and attempted robbery with a dangerous weapon. He was sentenced to life in prison without parole for the felony murder conviction, in the presumptive sentence ranges for first-degree kidnapping and attempted robbery, and in the aggravated sentence range for the two counts of robbery with a dangerous weapon. The trial court found as the sole aggravating factor for the two counts of armed robbery that Defendant "joined with more than one other person in committing the offense and was not charged with committing a conspiracy."
In Blakely v. Washington, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt[]" in order to safeguard a defendant's Sixth Amendment right to trial by jury. 542 U.S. 296, 301, 159 L. Ed. 2d 403, 412 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000)), reh'g denied, 542 U.S. 961, 159 L. Ed. 2d 851 (2004). More recently, in Washington v. Recuenco, the Supreme Court further held that failure to submit a sentencing factor to the jury was not structural error but was subject to harmless error review. 548 U.S. ___, ___, 165 L. Ed. 2d 466, 477 (2006).
Our Supreme Court applied Blakely and Recuenco in State v. Blackwell, conducting a two-part test to determine first if the trial court had committed a Blakely error by finding an aggravated factor rather than submitting it to the jury, and if so, whether such error was harmless beyond a reasonable doubt. 361 N.C. at 50, 638 S.E.2d at 458. Harmless error review in this context requires "determin[ing] from the record whether the evidence against the defendant was so `overwhelming' and `uncontroverted' that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." Id. (quoting Neder v. United States, 527 U.S. 1, 9, 144 L. Ed. 2d 35, 47 (1999)).
North Carolina law further states that a violation of a defendant's constitutional rights is "prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt[,]" with the burden on the State to demonstrate such harmlessness. N.C. Gen. Stat. § 15A-1443(b) (2005). Nevertheless,
[A] defendant may not avoid a conclusion that evidence of an aggravating factor is "uncontroverted" by merely raising an objection at trial. See, e.g., Neder, 527 U.S. at 19, 144 L. Ed. 2d at 47. Instead, the defendant must "bring forth facts contesting the omitted element," and must have "raised evidence sufficient to support a contrary finding." Id.

Blackwell, 361 N.C. at 50, 638 S.E.2d at 458.
In the instant case, it is undisputed that the aggravating factor was not submitted to the jury and was instead found by the trial court. Thus, the trial court committed a Blakely error, which leads us now to determine whether such error was harmless beyond a reasonable doubt.
Despite Defendant's guilty plea and stipulation to the factual basis of the two armed robberies, the jury heard evidence relating to those crimes, both as the State sought to show a common scheme or purpose with the 10 September murder and as Defendant related his involvement with the other individuals implicated in the 10 September murder. Indeed, Defendant himself testified that he was with three other individuals  two of them the same on both occasions  when he robbed the convenience stores at gunpoint on 7 and 8 September. A co-defendant likewise testified that he was with Defendant at the time of the two robberies, and the State offered overwhelming evidence that the same gun was used in the robberies and the murder, as well as Defendant's confession to the crimes. Defendant at no time at trial attempted to contradict the fact that he was with other individuals at the times of the 7 and 8 September armed robberies.
Accordingly, we find that the evidence of the aggravating factor found by the trial court to be so "overwhelming" and "uncontroverted" that any rational factfinder would have found it beyond a reasonable doubt. As such, we conclude that the trial court's Blakely error was harmless beyond a reasonable doubt.
No prejudicial error.
Judges CALABRIA and ARROWOOD concur.
Report by Rule 30(e).