IN THE SUPREME COURT OF NORTH CAROLINA

No. 81A14

Filed 21 December 2016

STATE OF NORTH CAROLINA

v.

DOMINIQUE JEVON PERRY

On writ of certiorari to review an order denying a motion for appropriate relief entered on 3 June 2013 by Judge R. Stuart Albright in Superior Court, Guilford County. On 29 July 2013, the Court of Appeals allowed defendant's petition for the issuance of a writ of certiorari authorizing review of the trial court's order pursuant to N.C.G.S. § 7A-32(c). On 11 March 2014, the Supreme Court, on its own initiative, certified this case for review prior to determination in the Court of Appeals. Following oral argument on 6 May 2014, the Court ordered supplemental briefing on 28 January 2016. Heard in the Supreme Court on 12 October 2016.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Senior Deputy Attorney General, for the State.*

*Glenn Gerding, Appellate Defender, by Barbara S. Blackman and Kathryn L. VandenBerg, Assistant Appellate Defenders, for defendant-appellant.*

ERVIN, Justice

On 21 May 2007, the Guilford County grand jury returned bills of indictment charging defendant with robbery with a dangerous weapon and first-degree murder, with these charges having arisen from an incident that allegedly occurred on 18 April

2007, when defendant was seventeen years old. On 27 August 2008, the jury returned verdicts convicting defendant of robbery with a dangerous weapon and first-degree murder on the basis of malice, premeditation, and deliberation and on the basis of the felony murder rule. Based upon the jury's verdict, Judge Stafford G. Bullock[1] entered judgments sentencing defendant to a term of fifty-one to seventy-one months imprisonment based upon his conviction for robbery with a dangerous weapon and to a consecutive term of life imprisonment without parole based upon his conviction for first-degree murder. The Court of Appeals filed an opinion on 8 December 2009 finding no error in the proceedings that led to the entry of Judge Bullock's judgments. *State v. Perry*, 201 N.C. App. 448, 688 S.E.2d 551, 2009 WL 4576081 (2009) (unpublished).

On 12 April 2013, defendant filed a motion for appropriate relief in which he requested that the life without parole sentence that had been imposed upon him based upon his conviction for first-degree murder be vacated and that a constitutionally permissible sentence be imposed upon him instead. In support of this request, defendant pointed out that the United States Supreme Court had held in *Miller v. Alabama*, ___ U.S. ___, ___, 132 S. Ct. 2455, 2460, 183 L. Ed. 2d 407, 414-15 (2012), that the imposition of a mandatory sentence of life imprisonment without

---

[1] Although the trial court's judgments indicate that they were entered by Judge Stanford G. Buliock, the statement of the entering judge's name appears to have been a clerical error arising from a misspelling of former Judge Bullock's name.

the possibility of parole upon a juvenile like defendant violates the Eighth Amendment prohibition against the imposition of cruel and unusual punishment and that the "rule" enunciated in *Miller* should be applied retroactively to defendant. On 28 May 2013, the State filed an answer to defendant's motion for appropriate relief in which the State asserted that the defendant was not entitled to have the life without parole sentence that had been imposed upon him based upon his conviction for first-degree murder vacated. In support of this contention, the State argued that *Miller* should not be retroactively applied in cases that had become final before the date upon which it had been decided because the prohibition against the imposition of life without parole sentences upon juveniles announced in *Miller* was a new rule that did not fall within the scope of either exception to the principle that such new rules were not entitled to retroactive application that was set out in *Teague v. Lane*, 489 U.S. 288, 311, 109 S. Ct. 1060, 1075-76, 103 L. Ed. 2d 334, 356 (1989) (plurality opinion), and made applicable in North Carolina state postconviction proceedings in *State v. Zuniga*, 336 N.C. 508, 513-14, 444 S.E.2d 443, 446-47 (1994). On 3 June 2013, the trial court entered an order denying defendant's motion for appropriate relief, with this decision having been predicated on a determination that "Miller does not apply retroactively to [d]efendant's case."

On 12 July 2013, defendant filed a petition with the Court of Appeals seeking the issuance of a writ of certiorari authorizing review of the trial court's order denying his motion for appropriate relief. On 29 July 2013, the Court of Appeals entered an

order allowing defendant's certiorari petition. After the filing of the parties' briefs, this Court entered an order on its own motion on 11 March 2014 certifying this case for review prior to determination by the Court of Appeals, with the parties being entitled to rely upon the briefs that had already been filed in the Court of Appeals in seeking to persuade this Court of the merits of their respective positions. Subsequently, we heard oral argument in this case on 6 May 2014. On 28 January 2016, this Court ordered supplemental briefing for the purpose of allowing the parties to address the effect of the decision in *Montgomery v. Lousiana*, ___ U.S. ___, ___, 136 S. Ct. 718, 736, 193 L. Ed. 2d 599, 622 (2016), in which the United States Supreme Court held that *Miller* announced a substantive rule of law entitled to retroactive application in state postconviction proceedings, on the proper disposition of this case. After the filing of supplemental briefs by defendant and the State, this Court entered an order on 18 August 2016 providing for the holding of a consolidated supplemental oral argument in this case and the related cases of *State v. Seam* (No. 82A14), and *State v. Young* (No. 80A14). Supplemental oral argument was heard in this case on 12 October 2016.

The State's sole argument in defense of the trial court's decision to deny defendant's motion for appropriate relief on appeal has been a contention that defendant was not entitled to have *Miller* retroactively applied in his case. As it candidly conceded in its supplemental brief, however, the State's non-retroactivity argument does not survive *Montgomery*. In light of that fact, the State concedes, and

we agree, that defendant is entitled to be resentenced in the case in which he was convicted of first-degree murder pursuant to Part 2A of Article 81B of Chapter 15A of the North Carolina General Statutes. As a result, the trial court's order denying defendant's motion for appropriate relief is reversed and this case is remanded to the Superior Court, Guilford County, for further proceedings not inconsistent with this opinion, including the imposition of a new sentence in the case in which defendant was convicted of first-degree murder pursuant to N.C.G.S. §§ 15A-1340.19A to – 1340.19D.

REVERSED AND REMANDED